UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LUIS A. SALGADO PENA,

       Petitioner,

     v.

RIPA GARRET, FIELD OFFICE
DIRECTOR, ALEJANDRO
MAYORKAS, SECRETARY,

       Respondents.

_____/

Case No. 2:26-cv-1543-KCD-KRH

## **ORDER**

Petitioner Luis A. Salgado Pena filed a pro se habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.)[1] He claims that his continued detention violates the Fifth Amendment as interpreted by *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 4-5.)[2] Respondents oppose the petition. (Doc. 7.) For the reasons below, the petition is **DENIED**.

### **I. Background**

Salgado Pena was removed from the United States in 2017. He returned in 2021, was stopped at the border, and his previous removal order

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

[2] The Petition is not paginated, so the Court uses the numbering generated by its electronic filing system.

was reinstated. He was not deported but instead granted release on supervision for medical reasons.

On October 20, 2025, ICE encountered Salgado-Pena at a scheduled check-in. He was served with a notice of revocation of release and taken into custody. On February 9 and May 27, 2026, ICE attempted to remove Salgado Pena to Mexico, but he refused. (Doc. 7-1.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

The statutory framework for removal works like this: when a noncitizen's removal order becomes final, like here, the government has 90 days to effectuate removal. 8 U.S.C. § 1231(a)(1)(A). During that period, detention is mandatory. *Id.* § 1231(a)(2)(A). If the 90 days pass and the

noncitizen is still here, the statute gives the government a choice: release the individual on supervision or keep them detained. *Id.* § 1231(a)(6).

But as the Supreme Court explained in *Zadvydas v. Davis*, the authority to detain does not stretch into infinity. To avoid serious constitutional problems, the Court read an implicit limitation into the statute: the government may detain a noncitizen only for a period "reasonably necessary" to secure his removal. 533 U.S. 678 (2001). And to make that rule workable, the Court established a presumption. For the first six months, detention is presumptively reasonable. *Id.* at 701. After that period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the government to provide evidence sufficient to rebut that showing. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Thus, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

ICE took Salgado Pena into custody on October 20, 2025, which is beyond six months. But according to the unrebutted record, he has twice refused removal to Mexico. (Doc. 7-1.) Such conduct tolls the detention period. *See Akinwale*, 287 F.3d at 1052 n.4 (stating that "removal period shall be

3

extended ... if the alien ... acts to prevent the alien's removal subject to an order of removal").

Under 8 U.S.C. § 1231(a)(1)(C), the removal clock stops ticking if an alien refuses to cooperate in obtaining travel documents. It also tolls if the alien "conspires or acts to prevent [his] removal." *Id.* Common sense (and the Eleventh Circuit) tells us that a person cannot actively thwart his own deportation and then use the resulting delay to demand his freedom. Whether by stubbornly withholding a signature on a required form or by affirmatively taking steps to sabotage the government's efforts, an alien who engineers his own prolonged detention cannot turn around and complain about it. The law does not reward that kind of gamesmanship. *See Quo Zing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal.").

That is precisely the game Salgado Pena is playing here. He claims his detention violates the Fifth Amendment, yet his refusal to cooperate with ICE is the very roadblock keeping him in custody.[3] If he signs the paperwork and gets off the bus, his removal is reasonably foreseeable; if he does not, the

---

[3] The Immigration and Nationality Act does not leave an individual without recourse if he objects to his designated destination. The statute provides a framework for contesting removal to a specific third country. *See* 8 U.S.C. § 1231(b). But nowhere in his petition does Salgado Pena allege—let alone offer evidence to show—that he has formally challenged his proposed removal to Mexico. Instead, he has apparently dug in his heels and refused to physically depart the United States. Because it seems he bypassed the proper legal channels for contesting his destination, the Court accepts he is legally subject to removal to Mexico.

4

delay is entirely of his own making. Because Salgado Pena is apparently responsible for stalling his own departure, the presumptively reasonable period for his detention is tolled. Consequently, the habeas petition is **DENIED WITHOUT PREJUDICE** to Salgado Pena refiling a new petition should his current detention be unimpeded and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future.[4] The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

   **ORDERED** in Fort Myers, Florida on June 3, 2026.

Kyle C. Dudek
United States District Judge

---

[4] Salgado Pena requests a bond hearing (Doc. 1 at 2), but following an order of removal, immigration detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021). Under § 1231, detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2)(A).